Day, J.
The first question we are called upon to consider is, whether the court of common pleas had jurisdiction to review on error the proceedings of the board of county commissioners establishing the road in question.
The constitution provides that the jurisdiction of the court of common pleas “ shall be fixed by law.” It is claimed that the 511th section of the code confers the jurisdiction. That section is as follows: “ A judgment rendered or final order made by a probate court, justice of the peace, or any other tribunal, board, or officer, exercising judicial functions, and inferior in jurisdiction to the court of common pleas, may be reversed, vacated, or modified by the court of common pleas.” The succeeding sections provide that this remedy may be obtained by “ petition in error.”
It is claimed, on the other hand, that the foregoing section confers jurisdiction to review the judgments and final orders of those officers only who are elected as judicial officers. This would be a restriction not warranted by the language of the section, for it expressly embraces, not only certain courts and judicial officers, but “any other tribunal, board, or officer, exercising judicial functions,” inferior in jurisdiction to the common pleas. This section is of a remedial character, and, as required by the second section of the code, must be “ liberally construed, with a view to promote its object.” When the code was adopted, proceedings according to the course of the common law were reviewable upon writs of error, and those of the character under consideration in this case on certiorari. These writs, to review judgments and final orders in civil cases, are abolished by the 530th section of the code; but the remedies obtained by means of these writs are preserved by the general provisions of the code for review by petition in error.
The proceedings of a board of county commissioners in establishing roads, were reviewable by writ of certiorari when the code was enacted. Erom the language used in the 511th section, it is manifest that the legislature did not intend to deny a like remedy as to orders of the same “ board ” in like cases, but intended rather that it should be embraced *354 in the uniform mode provided for obtaining the same remedies by petition in error that were obtained through the abolished writs.
From numerous cases that have been before this court, both before and since the adoption of the code, it is evident that the special powers conferred by law'upon the board of commissioners, to determine questions that arise in proceedings for the establishment of' highways, are regarded so far judicial in their character, that the action of the board by virtue thereof may be reviewed on error. Nor do we see any good reason why this construction of the section in question, ever since its adoption, is not in accordance with its object and purpose.
It would seem, then, that the board of commissioners, in cases of this kind, may properly be regarded as a “ board ” exercising, within the meaning of the statute, “judicial functions,” and that, therefore, the court of common pleas had jurisdiction to review, on petition in error, the proceedings of the board of commissioners.
The next question presented is, whether proper parties defendant were made to the petition in error. It is claimed that the petitioners for the road, instead of the commissioners, should have been made defendants to the petition. ■ It is apparent from the record, that the question of defect of parties was made; but whether made or not, if the record' shows that the necessary parties were not before the court, it would be error to proceed and reverse the judgment or order sought to be reviewed.
The court held that the commissioners were the proper parties defendant to the petition in error. This, in a case ■like this, may be questionable; for the proceeding was of a character only to review the quasi judicial action of the ¡board of commissioners, and was npt strictly antagonistic to the interests represented by the commissioners. They were •not parties to the proceeding before them, but acted in a special judicial capacity between others who represented conflicting interests as parties before them; and to review sthe decisions and orders made, as between these parties, the *355 petition in error was prosecuted. Now, whatever may be said about the propriety of making the commissioners defendants, by reason of some supposed interest of the county in the question, it is very clear that the parties to the controversy decided by the commissioners, and whose rights and interests were thereby affected, are necessary parties to the proceeding to review and modify, or vacate, the orders made in the case.
It appears from the record that there were opposing parties — one contending for the road, and the other against it. Two of the petitioners for the road gave bond to pay all costs of the proceeding if the road was not established, and the petitioner for the review gave bond to pay the costs of review if the road was established.
A proceeding to reverse the order establishing the road was a direct attack upon the pecuniary rights of the petitioners for the road who had given such bond, as well as the interest they had in establishing the road. The statute requires the petitioner for the review to give six days’ notice, “ to the principal petitioner for the road,” of the time and place of the meeting of the reviewers ; thus recognizing the adverse rights of the petitioner who takes the responsibility of the proceeding to establish the road. There is surely an equal reason for making him a party to a proceeding intended in another form to defeat the establishment of the road.
We think that the petitioners who gave bond as required by law were necessary parties to the petition in error, and that, not having been made such, the court erred in reversing the orders of the board of commissioners.
As to the other questions made in the ease directly affecting the parties not before us, we do not deem it necessary, or indeed proper*, -to*express an opinion upon them at this time.
For the reason above stated, the judgment of' the common pleas must be reversed.
Bbinkerhoff, C.J., an<I Scott, Welch, and White, JJ., concurred.